UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                                  Plaintiff,<br>v.<br>RICARDO FLORES,<br>                                Defendant. | Case No.: 19CR4340-CAB<br><br>Order Denying Motion For Sentence Reduction Pursuant to<br>18 U.S.C. § 3582(c)(1)(A)<br>[Doc. No. 55] |
|---|---|

Before the Court is defendant Ricardo Flores' motion to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. No. 55.]

I.   Procedural Background

On July 31, 2020, the defendant filed a motion requesting reduction in sentence to time served or time served with the balance of his sentence served under home confinement as a condition of supervised release. On May 14, 2020, the defendant, through his counsel, submitted a request to the warden requesting a sentence reduction or early release to home confinement based on vulnerability to severe complications should he contract the COVID-19 virus while in custody. [Doc. No. 55-1.]

A court may grant a defendant's own motion for a modification of sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Thirty days having expired since the defendant submitted his May 14, 2020 request to the warden, the Court finds the defendant has exhausted administrative remedies and the Court may consider his motion on the merits. As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or., April 6, 2020).

The government filed an opposition to the defendant's motion on August 24, 2020. [Doc. No. 60.] Court finds the motion suitable for determination on the papers. The motion is DENIED without prejudice.

II. Case Background

On December 3, 2019, the defendant entered a guilty plea to the charge of transportation of aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). [Doc. No. 33.] He was sentenced on February 28, 2020 to 24 months in the custody of the Bureau of Prisons (BOP), followed by a three-year term of supervised release. [Doc. Nos. 49, 50]. At this time, he has completed approximately 11 months of his term of incarceration.

Defendant admitted to transporting four aliens in an unsafe manner, including an unaccompanied minor. He tried to evade law enforcement by fleeing requiring the deployment of a tire deflation device. He struck an agent's vehicle, drove recklessly and ultimately exited the vehicle with his passengers still inside while it was in gear and fled on foot. The defendant has an extensive history of criminal convictions including controlled substance violations, assault and infliction of corporal injury on a spouse, and vehicle theft. He has numerous probation violations and violations of court orders.

He has mental health issues but has refused in the past to stay on prescribed medication. He has a history of addiction, including methamphetamine and heroin. His criminal history score was 17 placing him in a criminal history category VI. The court calculated the defendant's guideline range to be 33 to 41 months.

At sentencing the Government recommended a sentence at the low end of the guidelines of 33 months. [Doc. No. 44.] Defendant requested several departures and a

variance for sentence of 12 months and a day. [Doc. No. 45.] The Court considered all the 18 U.S.C. § 3553(a) factors, including the seriousness of the offense, the need for general deterrence, the need to avoid unwarranted sentencing disparity, as well as the defendant's personal characteristics and mitigating factors and sentenced the defendant to 24 months. [Doc. No. 49.]

### III. Compassionate Release Considerations

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The Court considered the § 3553(a) factors at the time of sentencing and those considerations remain largely unchanged. The defendant was involved in an aggravated human trafficking event, transporting aliens including a minor in a reckless manner, endangering their lives, the lives of the agents involved and posed a serious risk to the community at large. The defendant has a history of assaultive behavior and violations of court orders. The Court however sentenced him to a term below the guidelines in consideration of his long-time addiction and mental health issues that distort his ability to exercise good judgment with the expectation he will engage in mental health and substance abuse treatment in custody and on supervision.

At the time of sentencing the coronavirus pandemic did not exist and the consequences it would have on incarcerated populations were not therefore considered by the Court. The defendant now asks for sentence reduction or early release to home confinement due to the COVID-19 virus and the dangers of exposure in the prison environment.

In support of his motion the defendant asserts that he has physical and mental health issues that make him particularly vulnerable to serious complications should he contract

the virus in custody. [Doc. No. 55, at 2.]  Specifically, he is 42 years old with a history of Hepatitis C and bipolar disorder.[1]

The defendant's circumstances do not meet the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) as set forth in the policy statement.  He does not have a terminal illness or a serious medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility.  USSG 1B1.13, cmt. n.1 (A).

Pursuant to the CARES Act, PLI 116-136, Section 12003(b)(2), however, the U.S. Attorney General issued a directive to the Director of the BOP to designate, upon considering the totality of the circumstances concerning each inmate, qualified inmates for home confinement to mitigate the risks of COVID-19 transmission in BOP institutions and for the safety of inmates most vulnerable to the virus and who pose the least threat to the community.  The directive identifies that for some inmates the risk of contracting the virus may present extraordinary and compelling reasons for early release to home confinement.

The CARES Act directive authorized the release of prisoners to home confinement who meet the following criteria: 1) demonstrate a suitable confinement plan; 2) pose no risk to society; 3) possess a low PATTERN score; and 4) have underlying CDC-defined health risks that make a defendant most vulnerable if exposed to the virus.

The defendant has not been recommended by the BOP for early release to home confinement pursuant to the CARES Act directive or 18 U.S.C. § 3582(c)(1)(A)(i).  He does not meet the CDC criteria of those most vulnerable to serious risk of complications if exposed to the virus.  Hepatitis C and a bipolar disorder are not identified as clear risk factors that place the defendant among the "most vulnerable" population if exposed to the virus.

---

[1] Although the defendant reports being HIV positive the medical records do not confirm this and there is nothing in his presentence report to support this assertion.

Additionally, the defendant's history does not support an assertion that he is not a risk to society. The circumstances of his conviction as well as his history do not place him in the category of low-risk offenders.

The Court finds that the defendant's circumstances do not meet the "extraordinary and compelling reasons" consistent with applicable policy statements issued by the Sentencing Commission for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or the CARES Act directive. The defendant's concerns about potential exposure to the COVID-19 virus alone do not qualify as extraordinary and compelling reasons to reduce his sentence or transfer him to home confinement.

Defendant's Motion is **DENIED**.

IT IS SO ORDERED.

Dated:  9/1/2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge